UNITED STATES DISTRICT COURT
IN THE DISTRICT OF PUERTO RICO

**JOAQUIN MARRERO,**
Plaintiff

v.     CIVIL NO. 05-1765(DRD)

**ISRAEL RODRIGUEZ & PARTNERS, INC.,**
Defendant

### ORDER

Pending before the Court is a civil action instituted pursuant to 29 U.S.C. § 630 for the alleged deprivation of plaintiff's rights secured under the Age Discrimination in the Employment Act; and P.R. Laws Ann. tit. 29 §§ 1323 *et seq*. for the violation of his rights under Law 100. In sum, plaintiff alleges that he has suffered age discrimination while employed by the defendant. According to plaintiff, he was not provided with certain benefits under his contract, was forced to sign a subsequent contract reducing his salary and waiving all rights pursuant to law, and was discharged of his employment only to be substituted by a younger employee although defendant had proffered economic insufficiency as the reason for the termination. Before being discharged, however, plaintiff avers that he was moved out of his office, his supply of daily newspapers was cancelled, the back support of his chair was removed, was never provided with proper office related supplies to work with, and was instructed to handle personal errands for other employees. Based on those allegations, plaintiff seeks, to wit: 1) declaratory and injunctive relief; 2) reinstatement; 3) compensatory damages in excess of $4,000,000.00; 3) back pay, front pay, and related benefits and interests in the amount no less than $150,000.00; 4) costs; 5) attorney's fees; and 6) prejudgment interests.

Defendant, in turn, proceeded to file a *Motion to Dismiss for Lack of Subject Matter Jurisdiction*. (Docket Nos. 6, and 9). Through said motion, defendant requests the Court to dismiss the instant complaint provided it is not a statutory employer under the ADEA. Defendant contends that under the ADEA an employer is he who has twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year of the time of the alleged violation. This being a threshold jurisdictional issue, defendant avers the case should be dismiss provided that it did not employ fifteen (15) or more employees in twenty (20) or more calendar weeks during either 2002, when plaintiff was discharged, or 2001. Defendant submits to the Court, as Exhibit 1, contemporaneous certifications of quarterly reports of wages paid to each employee filed with the Puerto Rico Department of Labor detailing the total number of employees for the years 2001 and 2002. The total number of employees ranges from fifteen to twenty employees, but none less than fifteen and none greater than twenty. Plaintiff requested, in an untimely fashion, an extension of thirty (30) days in order to file an opposition to the motion to dismiss. Said extension would expire on October 16, 2005. (Docket No. 11). Without having the Court authorized said extension, and also **after** the self imposed deadline had elapsed, plaintiff, once again, moved the Court for yet another extension of time – **a forty three (43) day extension added**

**to the already expired thirty (30) day extension**. (Docket No. 12).

The Court, thus, issued an order finding as moot plaintiff first request and summarily denying their second request for it having been untimely.[1] The Court also declared the pending motion to dismiss as unopposed. (Docket No. 13). Plaintiff then proceeded to file a motion for reconsideration which was denied. (Docket Nos. 14, and 15, respectively). Upon said denial, plaintiff, once again, requested the Court reconsider its previous ruling. (Docket No. 17). Having plaintiff, again, filed a motion for reconsideration wherein no legal ground is espoused in order to move the Court to set aside its previous decision not to accept his belated opposition to the motion for dismissal. In fact, the only argument plaintiff utilizes to support his petition is that "although plaintiff requested an additional extension **two days** after the original extension date requested had expired, the Court still had **not** ruled upon the request for dismissal" without further analysis. (Docket No. 17 at 2). Therefore, the Court now **DENIES** plaintiff's **second** request for reconsideration and **REAFFIRMS** its previous holding deeming the motion to dismiss as unopposed.

It is well established that Federal Courts are courts of limited jurisdiction. Thus, this Court has the responsibility "to police the border of federal jurisdiction". Spielman v. Genzyme Corp, 251 F.3d 1 (1st Cir. 2001). Moreover, "[a]s a general matter, trial courts should give Rule 12(b)(1) motions precedence." Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000). Motions under Rule 12(b)(1) are brought forth to attack two different types of defects: the pleader's failure to comply with Federal Rule of Civil Procedure 8(a)(1)[2] and the Court's actual lack of subject matter jurisdiction – which may exist despite the formal sufficiency of the allegations in the complaint. 5A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 1350 (2d ed. 1990). When the grounds for a Rule 12(b)(1) motion is the lack of federal question, as the case at bar, the pleader must show that the counterpart's claim does not fall under the category of federal question and is frivolous. That is, "the party invoking the jurisdiction of the federal court carries the burden

---

[1] The First Circuit Court of Appeals has consistently held that, unless good cause together with the diligence be shown of the party to comply with the deadlines in strict compliance with O'Connell v. Hyatt, 357 F.3d 152, 155 (1st Cir. 2004) and Chamorro v. Puerto Rican Cars, Inc., 304, F.3d 1, 5 (1st Cir. 2002), the Court cannot not be allowing extensions of time to a case management order. In particular, *O'Connell* teaches that "[i]n an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation . . . [Thus, for the Courts]" to operate effectively, litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" O'Connell, 357 F.3d at 155 (*citations omitted*). The First Circuit went even further in its teaching and established that "court[s] may extend a scheduling order deadline on a showing 'of good cause if the (deadline) cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. at 154 (*citations omitted*). To the Court, this means that all parties seeking additional time from that already provided deadline must make a certified showing to the Court of **both** *good cause* and *diligence* in attempting to meet the deadline. Added to that, the moving parties must also comply with Fed.R.Civ.P. 6(b)(1) which specifically requires that courts to allow an enlargement of time "if request therefor is made **before the expiration of the period originally prescribed** or as extended by a previous order". Id. (*emphasis ours*). Therefore, the court's discretion to grant extensions is not unbridled. The discretion of the court to grant an extension is circumscribed to the moving motion being timely, showing good cause and certifying diligence.

[2] Failure to comply with Rule 8(a)(1) occurs when the allegations in the complaint are insufficient to show that the federal court has jurisdiction over the subject mater of the case. That is, the complaint is in fact defective and must be dismissed regardless of the actual existence of subject matter jurisdiction unless said deficiency is cured. See Sierra Club v. Shell Oil Co., 817 F.2d 1169 (5th Cir. 1987).

of proving its existence."  Nater v. Riley, 114 F. Supp.2d 17, 19 (D.P.R. 2000).  *See also* Murphy v. United States, 45 F.3d 520,522  (1st Cir. 1995); Miller v. Hygrade Food Products, Corp., 89 F. Supp. 2d 643 (E.D. Pa. 2000); Smith v. SSA, 54 F. Supp.2d 451(E.D. Pa. 1999); Kronmuller v. West End Fire Co. No.3, 123 F.R.D. 170 (1988).

Furthermore, even though the factual allegations of the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is present, when the factual allegations of jurisdiction are attacked by a Motion to Dismiss under Rule 12(b)(1), courts are not limited in their review to the mere allegations contained in the complaint. Thus, "the Court, without conversion [to summary judgment], may consider extrinsic material and, to the extent it engages in jurisdictional fact finding, is free to test the truthfulness of the plaintiff's allegations." *See* Dynamic Image, 221 F.3d at 37; Halstead v. Motorcycle Safety Foundation, Inc., 71 F. Supp.2d 464, 468 (E.D. Pa. 1999) ("[A]ny evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction, since it is for the Court to resolve all factual disputes involving the existence of jurisdiction.").  If, and only when, it appears that the non-moving party will not be able to assert a colorable claim of subject matter jurisdiction, may the Motion to Dismiss be granted and the complaint dismissed.  *See* Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884 (3d Cir. 1977).

The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 630 *et seq.* ("ADEA"), like other federal anti-discrimination legislation is inapplicable to very small businesses. Particularly, under § 630(b) the ADEA, an employer is not covered unless its workforce includes "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *See also* Clackmas Gastroenterology Assoc. P.C. v. Wells, 538 U.S. 440, 442 n.1, 123 S.Ct. 1673 (2003); Camacho v. Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004).  This is precisely defendant's entire argument for dismissal.  Furthermore, after the quarterly reports of wages filed by defendant with the Puerto Rico Department of Labor details the number of employees under defendant's payroll for each month of the years 2001 and 2002.  The number of employees is as follows:

| **YEAR 2001:** | | **YEAR 2002:** | |
|---|---|---|---|
| January | 19 | January | 17 |
| February | 19 | February | 17 |
| March | 20 | March | 17 |
| April | 19 | April | 18 |
| May | 17 | May | 17 |
| June | 17 | June | 17 |
| July | 15 | July | 17 |
| August | 16 | August | 17 |
| September | 16 | September | 17 |
| October | 15 | October | 17 |
| November | 15 | November | 17 |
| December | 16 | December | 18 |

(Docket No. 6, Exhibit 1).

As is clear from the record, defendant, at no point during the year of the alleged discriminatory act or during the preceding year, had twenty (20) or more employees for each working day in each of twenty or more calendar weeks of said years. Moreover, even when taking all of plaintiffs well plead allegations as true, she only avers defendant having had "fifteen (15) or more employees". *Complaint*, docket no. 1 at 2, ¶5. Thus, being the twenty (20) employee requirement constituting a threshold issue for coverage under the ADEA,[3] the Court harbors not doubt as to its complete lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

For the reasons stated above, plaintiffs second motion for reconsideration (Docket No. 17) is **DENIED**; and defendant's request for dismissal for lack of subject matter jurisdiction as to the ADEA claim (Docket Nos. 6, and 9) is **GRANTED**. All pendent state claims are **DISMISSED WITHOUT PREJUDICE**. *See* Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995).

Judgment will be issued accordingly.  **THIS CASE IS CLOSED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of February of 2006.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

[3] Clackmas Gastroenterology Assoc. P.C. v. Wells, 538 U.S. at 442 n.1.